*929 | .ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
Pursuant to Supreme Court Rule XIX, § 21(A), the Office of Disciplinary Counsel (“ODC”) filed this reciprocal discipline proceeding against respondent, Mark Todd McCrumb, an attorney licensed to practice law in the States of Louisiana and Washington, based upon discipline imposed by the Supreme Court of Washington.
UNDERLYING FACTS AND PROCEDURAL HISTORY
The underlying facts of this matter are set forth in detail in the opinion of the Supreme Court of Washington, which is reported as In re: Mark Todd McCrumb, Attorney at Law, Washington Supreme Court Docket No. 200,451-2 (January 30, 2007). Based on the evidence developed in that proceeding, the Supreme Court of Washington concluded that respondent presented an order changing a court’s oral ruling, made false representations during the disciplinary process, and commingled and converted client funds in various acts of mismanagement of his trust account, all in violation of numerous provisions of the Washington Rules of Professional Conduct. As a sanction, the Supreme Court of Washington disbarred respondent effective February 6, 2007.
After receiving Notice of Disbarment from the Supreme Court of Washington, the ODC filed a motion to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Attached to the motion was a certified copy of the | «.order of the Supreme Court of Washington. On May 31, 2007, this court rendered an order giving respondent and the ODC thirty days to raise any claim, predicated upon the grounds set forth in Supreme Court Rule XIX, § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted and the reasons for that claim. Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; or
(5) The reason for the original transfer to disability inactive status no longer exists.
lain the instant case, respondent has made no showing of any infirmities in the Washington proceeding, nor do we discern any from our review of the record. Likewise, we see no reason to deviate from the sanction imposed by the Supreme Court of *930 Washington. To the contrary, the sanction imposed by the Supreme Court of Washington is consistent with the jurisprudence of this court, which indicates respondent’s misconduct warrants severe discipline.[1]
Accordingly, we will disbar respondent as reciprocal discipline pursuant to Supreme Court Rule XIX, § 21.
DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Mark Todd McCrumb, Louisiana Bar Roll number 21764, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the Staté of Louisiana shall be revoked.

. Arguably, Louisiana jurisprudence supports the imposition of permanent disbarment for similar misconduct. See, e.g., In re: Spradling, 06-1971 (La.1/26/07), 952 So.2d 642 (attorney permanently disbarred for serious professional misconduct, including the conversion of client funds and making misrepresentations of material fact during his disciplinary proceeding). However, Washington has not adopted permanent disbarment, but instead permits disbarred attorneys to seek reinstatement after six years. See Rule 25.1 of the Washington Admission to Practice Rules. For purposes of consistency with our sister state, we will therefore impose ordinary disbarment. See, e.g., In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) ("There is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).